The STATE OF NEW YORK, and the Town of Tusten, Plaintiffs,

v.

SCA SERVICES, INC., John Cortese Construction Corporation, John Cortese, and Sheldon Wernick, Defendants.

SCA SERVICES, INC., Third–Party Plaintiff,

v.

ROBERTS & CARLSON, INC., Continental Can Company, Inc., BASF Corporation (Inmont Division), Huls America Inc., National Starch and Chemical Corporation, Union Camp Corporation, Allied–Signal Inc., Balfour Maclaine Corp., C. Itoh & Co. (America) Inc., Cellu–Craft Inc., Custom Chemicals Corp., E.I. Du Pont de Nemours and Company, Falstrom Company, Flexabar Corporation, Halocarbon Products Corp., ICI Americas Inc., Keuffel & Esser Company of New Jersey Inc., Marisol Inc., Nicholas Enterprises Inc., Occidental Chemical Corporation, the Okonite Company Inc., Pacquet Oneida Inc., Radiac Research Corp., Rhone–Poulenc S.A., Specialty Packaging Products Inc., Stepan Company, and Consolidated Edison Company of New York, Inc., Third–Party Defendants.

No. 83 Civ. 6402 (RPP).

United States District Court, S.D. New York.

Feb. 1, 1994.

Saul, Ewing, Remick & Saul by John F. Stoviak, Joseph F. O'Dea, Philadelphia, PA, for SCA Services, Inc.

Cole, Schotz, Bernstein, Meisel & Forman, P.A. by Robert L. Ritter, Gerard M. Giordano, Hackensack, NJ, for Nicholas Enterprises, Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

On or about August 29, 1983, Plaintiffs the State of New York and the Town of Tusten instituted this action seeking to hold the defendants, including SCA Services, Inc. ("SCA"), liable under Section 107 of the Comprehensive Environmental Response, Compensation, And Liability Act ("CERCLA"), 42 U.S.C. § 9607, for damages arising out of the alleged disposal and release of hazardous substances at the Cortese Landfill in Narrowsburg, New York. Plaintiffs also seek damages based on the common law causes of action of public nuisance, unjust enrichment and restitution.

SCA impleaded approximately twenty-seven third-party defendants, including Third-party defendant Nicholas Enterprises Inc. ("Nicholas"), asserting claims for reimbursement, indemnification and contribution based on CERCLA, and common law claims of unjust enrichment, public nuisance, and restitution.

Nicholas moves for summary judgment arguing that as a matter of law it cannot be held liable as an arranger under CERCLA Section 107(a)(3). For the reasons set forth below, Nicholas' motion for summary judgment is denied.

### BACKGROUND FACTS

Nicholas is a New Jersey corporation with its principal place of business in Paterson, New Jersey. SCA, a Delaware corporation, is a successor in interest to Gaess Environmental Service Corporation ("Gaess"). Affidavit of Robert Ritter, submitted pursuant to Local Rule 3(g) dated September 29, 1993 ("Nicholas' 3(g) Statement"), at ¶¶ 1–2.

In 1973, Gaess operated its business and maintained a Yard in Passaic, New Jersey from which it transported waste to the Cortese landfill. *Id.* at ¶ 3. Nicholas was engaged in the collection and transportation of solid waste and collected waste from its customer, Jersey Dyeing, Inc. ("JDC"), for transportation to disposal sites. *Id.* at ¶¶ 4–5. In this instance, Nicholas found that its disposal sites were unavailable for drummed waste, and reached an agreement with Gaess to deliver drums of waste it picked up from JDC to Gaess' Passaic Yard which SCA alleges Gaess disposed of at the Cortese site. Aff. of Raymond J. Nicholas, September 30, 1993 at ¶ 9. Nicholas did not select the Cortese landfill site to dispose of the waste allegedly disposed there by Gaess. *Id.* at ¶ 11.

### DISCUSSION

Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists "only when reasonable minds cannot differ as to the import of the evidence before the court." *Commander Oil Corp. v. Advance Food Serv. Equip.*, 991 F.2d 49, 51 (2d Cir.1993).

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962).

Nicholas argues that summary judgment is appropriate in this case because as a "transporter" of waste it cannot be held liable under Section 107(a)(3) of CERCLA as one who "arranged for the transport" or disposition of hazardous waste.

Section 107(a)(3) of CERCLA imposes liability on:

any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances ...

42 U.S.C. § 9607(a)(3).

Recently, the Second Circuit in *General Elec. Co. v. AAMCO Transmissions, Inc.*, 962 F.2d 281 (2d Cir.1992), outlined the parameters of arranger liability under Section 107(a)(3). In *General Electric*, the Second Circuit held that parties who merely had the opportunity to control a third-party's disposal of hazardous wastes but had no obligation to do so could not be held liable as arrangers under Section 107(a)(3). The court concluded that CERCLA liability arises out of the "*obligation* to exercise control over hazardous waste disposal," *id.* at 286, (emphasis in original), and that a party is liable as an arranger if it had some obligation to arrange for or direct the disposal of the hazardous waste. The statute is consistent with this interpretation. "[A]ny person who ... arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or *possessed* by such person, by any other party ... at any facility ... owned or operated by another party," (emphasis added) is to be held responsible under Section 107(a)(3).

■ In this case, Nicholas, because it possessed the hazardous substances, can be held liable as an arranger even though it transported the drums of waste generated by another party to Gaess. Under the uncontested facts Nicholas assumed an obligation to exercise control over the disposal of the hazardous substances it received from its customer, and then arranged with Gaess to dispose of the waste. Nicholas' 3(g) statement at ¶¶ 5, 7. In his deposition, Raymond Nicholas, the President of Nicholas, testified that he contacted Gaess to arrange for the disposal of the drums in his possession when Nicholas could no longer dispose of drums at the Municipal Landfill. Nicholas Dep., at pp. 23–24, 34. Accordingly, Nicholas can be held liable in this case as an "arranger" under Section 107(a)(3). It is to be noted that the hazardous substances can be disposed of by "any other party" "at any facility" "owned or operated by another party." Thus an arranger is not required to be aware of the disposal site. *General Electric*, at 286.

Nicholas relies primarily on *United States v. Western Processing*, 756 F.Supp. 1416 (W.D.Wash.1991) for the view that transporters cannot be held liable under Section 107(a)(3). In *Western Processing*, the Court held that various transporter defendants, who had transported waste generated by others to a disposal site which was selected by parties other than the transporters, could not be held liable either as arrangers under Section 107(a)(3) or as transporters under Section 107(a)(4) of CERCLA. The third-party plaintiffs in *Western Processing* were seeking to hold the transporters liable as arrangers under Section 107(a)(3) because the transporters, in the course of transporting the waste, had made certain arrangements with the site selecting customers and the disposal facility in order to facilitate the disposal of the waste at the site selected by others. The court in *Western Processing* decided that, although the activities of the transporters might fit into the language of Section 107(a)(3), the transporters could not be held liable as arrangers because Section 107(a)(4) directly addressed the issue of transporter liability. 756 F.Supp. at 1421. This case differs from *Western Processing* because Nicholas did not act as a transporter who transported hazardous waste from a customer's site to a disposal facility selected by the customer, rather Nicholas picked up waste from JDC for disposal at the closest available landfill. When the sites it was using became unavailable to accept drummed waste Nicholas delivered the drums under an arrangement which it made with Gaess to dispose of the drummed waste. Gaess then transported the drummed waste to the Cortese landfill. Under the facts presented in this case Nich-

olas is liable as an arranger but not as a transporter.[1]

The view that Nicholas, a waste transporter, can be held liable as an arranger under the facts presented in this case is supported by Congress' goals in enacting CERCLA. As stated in *General Electric:*

> CERCLA is a broad, remedial statute enacted by Congress ... to ensure "that those responsible for any damage, environmental harm, or injury from chemical poisons bear the costs of their actions."

> ... It was Congress' intent that CERCLA be construed liberally in order to accomplish these goals.

962 F.2d at 285 (quoting S.Rep. No. 848, 96th Cong.2d. Sess. 13 (1980)); *see B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192, 1198 (2d Cir. 1992). Thus Nicholas can be held liable under Section 107(a)(3) of CERCLA because under the circumstances its actions can be deemed that of an arranger. As stated above a careful parsing of the statutory language combined with the intent of Congress in enacting CERCLA encompasses Nicholas' role as that of an arranger, accordingly the motion for summary judgment is denied.

## CONCLUSION

For the reasons set forth above, Nicholas' motion for summary judgment on the third-party claims asserted against it by SCA is denied.

IT IS SO ORDERED.

---

1. Although Nicholas may have been acting as agent for JDC, Nicholas has not joined that company as a defendant.